PHILLIPS, GREENBERG & HAUSER, L.L.P.
JERRY R. HAUSER, SBN. 111568
ERIK C. VAN HESPEN, SBN. 214774
Four Embarcadero Center, 39th Floor
San Francisco, California 94111
Telephone: (415) 981-7777
Facsimile: (415) 398-5786

Attorneys for Plaintiff,
MOUNT & STOELKER, A PROFESSIONAL CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOUNT & STOELKER, P.C.<br><br>Plaintiffs,<br><br>-v-<br><br>C-ONE TECHNOLOGY; PRETEC ELECTRONICS CORPORATION<br><br>Defendants. | CASE NO.: 08-CV-03660 RMW<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' REQUEST FOR A REMAND<br><br>Date: September 19, 2008<br>Time: 9:00am<br>Ctrm: 6 |

### I.   INTRODUCTION AND PROCEDURAL BACKGROUND

On February 25, 2008, Plaintiff Mount & Stoelker, A Professional Corporation ("M&S") filed a first amended complaint for declaratory relief, temporary restraining order and preliminary and permanent injunction against defendant C-One Technology, a Taiwanese corporation ("C-One"), and defendant Pretec Electronics Corporation, a California corporation ("Pretec") in the Superior Court of the State of California in and for the County of Santa Clara, herein after referred to as the "Sate court Action.". (Defendants' Exhibit C) In the complaint, M&S sought to enjoin an arbitration proceeding commenced by C-One and Pretec against it from going forward. The primary basis for the action was that no agreement existed between M&S, on the one hand, and C-One and Pretec, on the other hand, to arbitrate the disputes in question. On February 26, 2008, M&S filed a motion for a preliminary injunction in the State Court Action, which was served on C-One and Pretec's counsel, Leodis C.

Matthews. (Defendants' Exhibit D)

On or about March 11, 2008, C-One filed a pleading in the State Court Action entitled "Special Appearance by Defendant C-One Technology for the Limited Purpose of Challenging the Court's Jurisdiction to Hear Plaintiff Mount & Stoelker's Motion for Preliminary Injunction Due to Lack of Personam Jurisdiction Over Named Defendant C-One Technology." (Defendants' Exhibit I) The attorney for C-One was Mr. Matthews. On the same date, Mr. Matthews filed a pleading in the State Court Action entitled "Pretec Electronic Corporation's Opposition to Mount & Stoelker's Motion for Preliminary Injuction." (Defendants' Exhibit J) On March 26, 2008, the California Superior Court issued an order in the State Court Action granting the motion for preliminary injunction enjoining the arbitration from going forward effective upon the posting of an undertaking in the amount of $5,000. (Defendants' Exhibit M) On April 2, 2008, plaintiff Mount & Stoelker posted an undertaking State Court Action (Defendants' Exhibit N) and as a result the arbitration was enjoined pending resolution of the state court proceeding.

On May 12, 2008, C-One and Pretec filed an action against M&S and Dan Mount in this court, Action No. C 08-2442 PJH, herein after referred to as the "Federal Action." The Federal Action set's forth all the claims asserted by C-One and Pretrec in the enjoined arbitration proceeding. The sole basis for jurisdiction for the Federal Action is diversity of citizenship. The defendants in the Federal Action have filed a motion to dismiss based on no jurisdiction to be heard on August 27, 2008 at 9:00 am.

The sole basis for the removal petition is that "there is complete diversity of citizenship between C-One Technology, a Taiwanese corporation and both Mount & Stoelker, a California corporation and Daniel S. Mount, an individual who has domiciled in and citizen of the State of Californai." (Removal Petition, ¶ 6) There is no other basis for a removal jurisdiction set forth in petition. Incredibly, the defendants completely ignore the status of Pretec, which they admit is a corporation that was incorporated in the State of California and had its principle place of business in the State of California. Therefore, complete diversity does not exist between all of the named defendants, C-One and Pretec, and the plaintiff. In addition, removal is inappropriate pursuant to 28 USC § 1441(b), even if somehow diversity jurisdiction exists, because Pretec is a California citizen.

2

Finally, despite the fact that C-One and Pretec appeared in the state court proceeding in March 2008, they waited until July 16, 2008, to serve their petition for removal, which is clearly more than thirty (30) days after their appearance in the state court action and therefore removal is not proper.

The grounds for removal jurisdiction clearly do not exist in this case and is not objectively reasonable under any standard. Under these circumstances, M&S is entitled to recover its costs and attorney's fees incurred in filing this motion pursuant to 28 USC § 1447(c).

## II.    LEGAL ARGUMENT

### A.    Complete Diversity Does Not Exist

If a case could have been commenced in federal court based on diversity of citizenship it can be removed from state court on this ground. 28 USC § 1441(b). As stated previously, the only ground set forth in the removal petition is diversity. The existence of diversity jurisdiction in this case is controlled by 28 USC § 1332(a)(3) which states:

> The district courts shall have original jurisdiction of all civil actions where the manner and controversy exceeds the sums or value of $75,000, exclusive of interest and costs and is between - ... citizens of different states and in which citizens or subjects of a foreign state are additional parties.

Defendnats incorrectly assert that Section 1332(a)(2) applies, which is limited to when the action is only between a citizen of a State and a citizen of a foreign state. For purposes of determining diversity, defendants completely ignore Pretec which it cannot do. Under Section 1332(a)(3) diversity jurisdiction does not exist because Pretec is a California corporation. Diversity jurisdiction requires complete diversity of citizenship, **each** of the plaintiffs must be citizens of a different state than **each** of the defendants. *Allstate Insurance Company v. Devon Hughes* (2004, CA 9 Wash) 358 F. 3d 1089, 1095. The fact that C-One is a foreign corporation does not salvage jurisdiction because diversity must be complete. *Nike, Inc. v. Comercial Iberica* (9th Cir. 1993) 20 F. 3d 987, 991. When an action is between citizens of the United States, the presence of alien parties is irrelevant for purposes of determining diversity jurisdiction. Id.; *Transure, Inc. v. Marsh and McLennan, Inc.* (9th Cir. 1985) 76 F. 2d 1297, 1298-1299.

> In this case, according to defendants, the District Court would have had original jurisdiction over the case pursuant to 28 USC § 1332(a)(3) had it been filed in the District Court. That jurisdictional provision states

3

that a District Court has original jurisdiction of a civil action involving a claim the value of which exceeds the sum or value of $75,000 so long as it is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties... ." Although it is not completely free from doubt, this statutory provision has been interpreted to permit the District Courts to disregard the citizenship of any foreign plaintiffs or defendants, for diversity purposes, **so long as there is at least one citizen of a state of the United States on each side of the case and there is complete diversity between those United States citizens**. See, e.g., *Tango Music, LLC v. Deadquick Music*, 348 F. 3d 244 (7th Cir. 2003); *Clark v. Yellow Freight Sys.* 715 F. Supp 1377 (E.D. Mich 1989); cf. *Allendale Mutual Insurance Co. v. Bull Data Systems*, 10 F. 3d 425 (7th Cir. 1993). **Under these decisions, the citizenship of the foreign plaintiffs and defendants is completely disregarded even if there is not complete diversity among the foreign citizens,** as is the case here. *Scotts Company v. Rhone-Poulenc S.A.*, 347 F. Supp. 2d 543, 545 (U.S. Dist. Ohio, E.D., 2004) (Emphasis added.)

A corporation is deemed a citizen of any state by which it had been incorporated and in the state in which it has its principle place of business. 28 USC § 1332(c)(1). The fact that Pretec may be defunct does not change the analysis to whether or not it is a California citizen. *Patel v. Sugen, Inc.* (ND CA 2005) 357 F. Supp. 2d 1098, 1111. Based on the allegations of the complaint, Pretec is a California citizen and therefore complete diversity does not exist. C-One's status as a foreign citizen is irrelevant. Since there is no diversity between Pretec and defendants, this court clearly has no jurisdiction and the action must be remanded back to the sate court.

**B.    Pretec's Status as a California Citizen Makes Removal Improper**

Even if there was complete diversity, removal is only allowed if "none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 USC § 1441(b). In this case, Pretec is a citizen of the state of California. Even though Pretec has not yet been served with a summons and complaint in the state court action, Pretec did make a general appearance on March 11, 2008, when it filed an objection to M&S's motion for a preliminary injunction. Such general appearance satisfies the "joined and served" requirement of Section 1441(b). *Windac Corp. v. Clark* (DNE 1982) 530 F. Supp. 812, 813.

California Code of Civil Procedure Section 410.50 states that: "A general appearance by a party is equivalent to personal service of summons on such party." Once a general appearance has been made, that party must respond as if service of process of the summons has been made. In *Factor*

4

1  *Health Management v. Superior Court* (2005) 132 Cal. App. 4th 246, the court held that an
2  opposition to an order to show cause for a preliminary injunction constitutes a general appearance.

> "An order to show cause for a preliminary injunction is not within the scope of Code Civ. Proc., § 418.11, which extends only to ex parte applications for provisional relief. This is because a motion for a preliminary injunction involves a determination related to the merits of the case." [citations omitted] Id. at 251.

Since Pretec has appeared in the State Court Action, removal based on diversity grounds is impermissible.

### C. Defendants Failed to Seek Removal Within Thirty (30) Days of Their Appearance in the State Court Action

A defendant must file in the district court a notice of removal within thirty (30) days after receipt of the first pleading in the state court action that sets forth the removable claim. 28 USC § 1446(b). The thirty day time period is triggered when the facts supporting the removal are evident on the face of the complaint. *Harris v. Bankers' Life and Casualty Company* (9th Circuit 2005) 425 F. 3d 689, 694. Obviously, since C-One's petition for removal is solely based upon its status as a foreign entity, its right to remove is evident on the face of the state court complaint. C-One asserts that it has not yet been served, but its appearance in the state court action to oppose the motion for preliminary injunction constitutes a general appearance, which is equivalent to service.

Even though C-One asserts that it was making a special appearance in the State Court Action, it is settled law that where a defendant does not object to the process that has been issued or file a motion to quash, but instead seeks a dismissal of the complaint on the grounds that the court is without jurisdiction, such an appearance is a general appearance and not a special appearance. *Roberts v. Superior Court* (1916) 30 Cal. App. 714; *Harrington v. Superior Court* (1924) 194 Cal. 185. *Morte v. Justice's Court* (1934) 139 Cal. App. 605. In this case, C-One was not seeking to quash service, but requesting that the action be dismissed for lack of jurisdiction. Such a request is deemed a general appearance. Even if C-One's appearance is considered a special appearance, once the court denied C-One's request, C-One was obligated to file a response to the complaint under California law as if served. California Civil Code of Procedure Section 586(a)(4).

Under California law, C-One was deemed served at the latest when the court denied its

opposition as set forth in its alleged "Special Appearance" on March 26, 2008. The 30 day period to file a removal petition expired at the latest on April 25, 2008. There is simple no excuse for this delay by C-One.

### D. M & S Is Entitled To Recover Its' Fees and Cost

In granting a motion for remand, the court has the discretion to order the defendant to pay the plaintiff its "just costs and actual expenses, including attorneys' fees, incurred as a result of the removal." 28 USC § 1447(c). The standard for awarding fees is whether or not the removing party "has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corporation* (2005) 546 US 132, 136. It is not necessary to show that the removing party's position was "frivolous, unreasonable, or without foundation" for the award of fees. *Id.* at 138.

In this case, there is simply no basis to remove the state court action because it is abundantly clear that diversity jurisdiction does not exist. Defendants and his counsel could not reasonably believe that in determining diversity jurisdiction the status of Pretec as a California corporation is to be ignored. Further, the removal statute itself states that removal is inappropriate if one of the defendants is a citizen of the state from which removal is sought. Therefore, court should order C-One and its counsel to pay M&S the sum of $6,630.00, as set forth in the Declaration of Jerry R. Hauser.

### III. CONCLUSION

For the reasons set forth above, Mount & Stoelker respectfully requests that this court issue an order remanding this case back to the California Superior Court, County of Santa Clara and award sanctions against defendants and their counsel in the amount of $6,630.00.

DATE: August 1, 2008                    PHILLIPS, GREENBERG & HAUSER, L.L.P.

By: _____
JERRY R. HAUSER